NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID M. GARCIA, Plaintiff-Appellant, v. MINERETTE JASSO; IAN THOMPSON, Sergeant; ENDE, named as Jane Doe Ende, wife; RIAZ, named as Jane Doe Riaz, wife; ROJAS, named as Jane Doe, wife; SMALLEY, named as John Doe Smalley, husband; LEWIS, named as Jane Doe Lewis, wife; CAREY TUCKER, Wife; TUCKER, named as John Doe Tucker; husband Defendants-Appellees, and CHARLES L. RYAN; THERESE SCHROEDER, Warden; FEY, Deputy Warden of Santa Rita Unit; CHILDREF, Captain; RICHARD JOHNSON, Inmate at Santa Rita Unit of the Tucson Complex; UNKNOWN PARTIES, named as John and Jane Doe 1-80; CAMERON LEWIS, husband; RICHARD PRATT, Director of Division of Health Services; CORIZON HEALTH, INC.; LINDA HAMMER; THOMAS, Unknown Warden; | No. 19-17366 D.C. No. 2:13-cv-01591-DJH-DMF MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LUNDBERG, Deputy Warden; J. KOKEMOR, husband; TUCKER; MARTIN PACHECO, Badge No. 6165; RYAN, named as Jane Doe Ryan, wife; C. THOMAS, husband; THOMAS, named as Jane Doe Thomas, wife; CHRIS MOODY, husband; MOODY, named as Jane Doe Moody, wife; THOMPSON, named as Jane Doe Thompson, wife; ROBERT RUNGE, husband; RUNGE, named as Jane Doe Runge, wife; PACHECO, named as Jane Doe Pacheco, wife; JASSO, named as John Doe Jasso, husband; ASHIS PURI, husband; PURI, named as Jane Doe Puri, wife; MITCHELL CRAIG PATRICK, Husband; PATRICK, named as Jane Doe Patrick, wife; RANDY LUKER, husband; LUKER, named as Jane Doe Luker, wife; BAKER, named as John Doe Baker, husband; BAKER, named as Jane Doe Baker, wife; KOKEMOR, named as John Doe Kokemor, husband; MCCUTCHEON, named as COIII McCutcheon, husband; MCCUTCHEON, named as Jane Doe McCutcheon, wife; CARRIE SMALLEY, wife; LAWRENCE ENDE, husband; JAWAD RIAZ, husband; THOMAS RAWA, husband; RAWA, named as Jane Doe Rawa, wife; BRENDA ROJAS, wife; WEXFORD HEALTH SOURCES INCORPORATED,

Defendants.

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

2

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

Plaintiff David Garcia appeals from the district court's summary judgment denying his 42 U.S.C. § 1983 Eighth Amendment claim against Corrections Officer Minerette Jasso for injuries incurred during a violent prison riot. Garcia contends that the district court erred in applying the emergency standard for an Eighth Amendment violation in *Whitley v. Albers*, 475 U.S. 312 (1986), and should have instead applied the deliberate indifference standard established in *Farmer v. Brennan*, 511 U.S. 825 (1994). "We review the district court's decision to grant summary judgment de novo." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We affirm.

The district court did not err in applying *Whitley* to Garcia's claims. We have made clear that "[i]n emergency circumstances, such as those that exist during a prison uprising, where prison officials must weigh the competing institutional interests of ensuring the safety of staff, visitors, and inmates, and where life-and-death decisions must be made quickly," "prison officials' actions and accompanying

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state of mind should [] be measured against the *Whitley* standard for an Eighth Amendment violation" during the emergency. *Johnson v. Lewis*, 217 F.3d 726, 733–34 (9th Cir. 2000).  Garcia's argument that *Whitley* is limited to use of force claims is without support.

As such, Garcia was required to present evidence creating a genuine issue of material fact that Jasso acted "maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320–21 (citation and quotation marks omitted). The district court did not err in finding that Garcia has failed to do so.

**AFFIRMED.**